```
UNITED STATES DISTRICT COURT
    MIDDLE DISTRICT OF TENNESSEE
       NORTHEASTERN DIVISION
```

JIMMY S. SHOEMAKE          ]
    Plaintiff,           ]
                           ]
v.                         ]     No. 2:13-0123
                           ]     Judge Sharp
W.B. MELTON, et al.        ]
    Defendants.          ]


**M E M O R A N D U M**

The plaintiff, proceeding *pro se*, is an inmate at the Overton County Jail in Livingston, Tennessee. He brings this action pursuant to 42 U.S.C. § 1983 against W.B. Melton, Sheriff of Overton County, and Shannon Harvey, Administrator of the Overton County Jail, seeking damages.

The plaintiff questions conditions of his confinement. More specifically, he complains about being housed in a segregation unit with a sex offender. In addition, the plaintiff alleges that he has been denied "church of any kind", access to rehabilitative programs, and that he has not been provided the materials needed to pursue legal matters. He also claims that he has been denied mail, that the locks on cell doors do not function properly, and that he was made to submit to a strip search while two female guards were present.

1

This action is being brought against the defendants in their official capacities only. Because the plaintiff in an official capacity action seeks damages not from the individually named defendant but from the entity for which the defendant is an agent, Pusey v. City of Youngstown, 11 F.3d 652,657 (6th Cir.1993), "an official capacity suit is, in all respects other than name, to be treated as a suit against the entity." Kentucky v. Graham, 473 U.S. 159,166 (1985). In essence, then, the plaintiff's claims are against Overton County, the municipal entity that operates the Jail. Hafer v. Melo, 502 U.S. 21,25 (1991).

A claim of governmental liability requires a showing that the misconduct complained of came about pursuant to a policy, statement, regulation, decision or custom promulgated by Overton County or its agent, the Overton County Sheriff's Department. Monell v. New York City Department of Social Services, 98 S.Ct. 2018 (1978). In short, for Overton County to be liable under § 1983, there must be a direct causal link between an official policy or custom and the alleged constitutional violation. City of Canton v. Harris, 109 S.Ct. 1197 (1989).

The plaintiff has offered nothing to suggest that his rights were violated pursuant to a policy or regulation of Overton County. Consequently, the plaintiff has failed to state a claim against the defendants acting in their official capacities.

In the absence of an actionable claim, the Court is obliged to

dismiss the complaint *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.

_____
Kevin H. Sharp
United States District Judge